*[handwritten at top:] ~~Complete Every Form CJ3T6~~ 35 ~~most be Completed~~ 2 944.35 (4ld) anyone who suspects that an inmate has been Physically abused Shall immediately file a report*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

*Jacksonville* ~~Jacksonville~~ Division ~~Jacksonville~~

## CIVIL RIGHTS COMPLAINT FORM

Michael Steven Bryant _____

CASE NUMBER: 3:10-CV-55-J-20mCR

(To be supplied by Clerk's Office)

_____

(Enter **full name** of each **Plaintiff** and prison number, if applicable)

v.

Sergeant Morgan _____

Unnamed Officer _____

Lt. Phazer _____

Susan Smith _____

(Enter **full name** of each **Defendant**. If additional space is required, use the blank area directly to the right).

_____ /

[stamp at right:] 2010 JAN 25 P 12:02  FILED

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.     **PLACE OF PRESENT CONFINEMENT:** *Charlotte* ~~Apalachee~~ Correctional
       (Indicate the name and location)
       Institution, ~~35 Apalachee Drive, Sneads Fl. 32460~~ 33123 Oil Wells road Punta Gorda Fl. 33955

II.    **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes (●) No ( )

       [If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)                    1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.   Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No (●)

   2. If so, you must attach a copy of the grievance and response to this Complaint form.
                                                                    NOT APPLICABLE

   3. Were you denied emergency status? Yes ( ) No ( )
                                                            NOT APPLICABLE

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )
                                                        NOT APPLICABLE

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.                        NOT APPLICABLE

B.   Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ● ) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.
   09-05- 1557    SEE ATTACHED

C.    Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( ● )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form. See Attached

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ● ) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.
   0905- 102- 308    SEE ATTACHED

D.    Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
   Yes ( ● ) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.
   09-6- 19456    SEE ATTACHED

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___18th___ day of ___January___, 2 _010_ .

_____Michael Bratcorn_____
Signature of Plaintiff

On 1-7-10 I sent this grievance to be copied ('Tracking # 102-2010-0010) They are now missing

In reference to B,C,D. The petitioner asserts hed had sent the above grievances to the Law Library at Apalachee Correctional Institution on January 7th, 2010. to be copied for this instant complaint, under tracking # 102-2010-0010. hoer, this material has been "Lost" in the mail according to the warden's Office

_____Mid Bytcer_____

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (✗)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )
   *NoT APPLICABLE*

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )
   *NoT APPLICABLE*

C. If your answer is YES:

   1. What steps did you take? _____ *NoT APPLICABLE* _____

   2. What were the results? _____ *NoT APPLICABLE* _____

   3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _*NoT APPLICABLE*_


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __18th__ day of __January_____, 2 _010_ .

_Michael Bondcoustle_
Signature of Plaintiff

IV.   PREVIOUS LAWSUITS:

   A.   Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

   B.   Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

   C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

      1.   Parties to previous lawsuit:

         Plaintiff(s): _____ Not Applicable _____

         Defendant(s): _____ Not Applicable _____

      2.   Court (if federal court, name the district; if state court, name the county):

         _____ Not Applicable _____

      3.   Docket Number: _____ Not Applicable _____

      4.   Name of judge: _____ Not Applicable _____

      5.   Briefly describe the facts and basis of the lawsuit: _____

         _____ Not Applicable _____

      6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

         _____ Not Applicable _____

      7.   Approximate filing date: _____ Not Applicable _____

      8.   Approximate disposition date: _____ Not Applicable _____

   D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____ NOT APPLICABLE _____

_____

_____

\* Case No. 5:09 CV 153-OC-10GRJ dismissed with prejudice

V.   **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: Michael Steven Bryant

   Mailing address: 35 Apalachee Drive

   Sneads, FL. 32460

B.   Additional Plaintiffs: _____ NOT APPLICABLE _____

_____

_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: Sergeant Morgan (see attached)

   Mailing Address: 216 S.E. Corrections Way

   Lake City, FL. 32025

   Position: Correctional Officer, Rank. Sergeant

   Employed at: Columbia Correctional Institution

D.   Defendant: Unnamed Officer (see Attached)

   Mailing Address: 216 S.E. Corrections Way

   Lake City, FL 32025

   Position: Correctional Officer, Rank. Sergeant

   Employed at: Columbia Correctional Institution

DC 225 (Rev. 9/03)                    6

E.  Defendant: _Lt. Phazer_____ (see Attached)

Mailing Address: _2239 Gall Blvd_____
_Zephyrhills, FL. 33541-9201_
Position: _Correctional Officer  Rank. Lt._
Employed at: _Zephyrhills Correctional Institution_

F.  Defendant: _Susan Smith_____

Mailing Address: _35 Apalachee Drive_____
_Sneads, FL. 32460_
Position: _Registered Nurse_____
Employed at: _Apalachee Correctional Institution._

G.  Defendant: _____

Mailing Address: _____
_____
Position: _____
Employed at: _____

Continued from pages 6 and 7

In reference to Section V, (c)(D)(E), the petitioner has repeatedly requested this information from the Florida Dept. of Corrections (FDOC), however FDOC refuses to release any information concerning this incident. The petitioner has motioned this Honorable Court for appointment of counsel and has submitted a motion to compel in an effort to obtain this information. Here is a description of each Defendant.

(c) Sergeant Morgan.
White male, approx. 5'9", 180lbs
On duty January 12th, 2009
12:00 am - 8:00 am shift at
Columbia Correctional Institution

(D) Unnamed Officer
Black male, approx. 6'3", 270lbs
on duty January 12th, 2009
12:00am - 8:00am shift assigned
to "B" dormitory at Columbia
Correctional Institution

(E) Lt. Phazer - spelled phonically
White male, approx. 6', 250lbs bald
on duty at Zephyrhills
Correctional Institution

VI.  STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

42 USCA § 1983 Deprivation of my Civil Rights

8th Amendment USC - Cruel and Unusual punishment

42 U.S.CA. § 1983 - Conspiracy to interfer with Civil Rights

8th Amendment U.SC - Deliberate Indeference

VII.  STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.  Name and position of person(s) involved.
2.  Date(s).
3.  Place(s).
4.  Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.  Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

On January 12th, 2009, at Columbia Correctional Institution "3" dormitory I was awaken by Unnamed Officer (hence forth "UO") at approx. 1:30 am and ordered to pack my stuff, I was being transfered. I complied. I then explained to "UO" that two gang members had attempted to stab me at my last camp, and I was in fear for my life. I declared a psychological Emergency and requested to speak to the captain. "UO" denied my repeated request and at approx. 4:30am "UO" ordered me to meet Sgt. Morgan in front

Statement of Facts, continued:

of the chow hall, I complied. Upon meeting Sgt. Morgan
I again explained that I was in fear for my life and
declared a psychological emergency and request to talk
to the captain. Sgt. Morgan ordered me to "cuff up"
I complied. Sgt. Morgan then handcuffed and shackled
me. Sgt. Morgan then ordered me to walk to the
van. Out of fear, I could not move. Sgt. Morgan then
requested assistance. "UO" arrived and with "UO"
holding my right arm and Sgt. Morgan holding my
left arm they began to drag me over the concrete. "UO"
then began to shake me violently and hit me. "UO" then
throw me to the concrete and kicked me in my right
side. Sgt. Morgan attempted to hold me up by my left arm
but my body spun, I hit the concrete with my face
and right side of my body. From "UO" grip, violent
shaking, hitting and kicking I suffered severe right
shoulder pain, pain on my right side of my body
and painfully deep circumferencial brusing to my
right arm (documented by medical staff 1/16/09). From
striking the concrete I suffered head ache and
painful bleeding abrasions to my right eye and
right knee. From being dragged accross the
concrete I suffered deep painful lacerations

Continued from page 9

Section VII

and abrasions to both my ankles which have left permanent scares. (Photographed by Inspector Generals Office). I have suffered deep psychological trauma from this incident and am currently in therapy classes. Upon arriving Apalachee Correctional Institution I requested to be evaluated by medical staff, this request was denied. I then declared a psychological Emergency and was taken to see staff nurse Susan Smith. Susan Smith refused to acknowledge, document or treat my injuries. Susan Smith stated " I don't see you or your injuries", she then sent me away. Approx. 2 days later on 1-18-09 these injuries were documented by staff nurse lawson. Approx. 1 week later I was transferred to Zephyrhills Correctional Institution where during an interview with Lt. Phazer I describe in detail all the events of this incident. Lt. Phaser ensured me that he had filed this report on "MEins" (Phonecally) and went so far as to show me a copy through my glass window of my cell were I was unable to read the report but saw pictures of some of the officers involved. Upon arriving back at Apala-chee Correctional Institution It was discovered by the Inspector that Lt. Phaser had never filed any report concerning this incident. The plantiff sues each Defendant individually and in their individual capacity, and Unnamed Officers to be named.

9.5

**VIII.** **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

That Counsel be appointed and this cause be set for trial wherein Compensitory, nominal and punative damages may be determined by a jury. Any injunction and all other relief deemed appropriate by this Court.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _____18th_____ day of _____January_____, 2 _____008_____.

Apalachee Correctional Institution

32 Apalachee Drive

Sneads, Fl. 32460

(Signatures of all Plaintiffs)

