UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL STEVEN BRYANT,

    Plaintiff,

vs.                              Case No. 3:10-cv-55-J-20MCR

SERGEANT MORGAN, et al.,

    Defendants.

## ORDER

Plaintiff, an inmate incarcerated at Charlotte Correctional Institution (hereinafter CCI) who is proceeding pro se, has filed a Motion for Preliminary Injunction (Doc. #15) (hereinafter Motion). Plaintiff complains that there has been destruction or tampering with his legal mail by prison officials, falsification of documents by prison authorities, and some attempt to prevent him from pursuing this civil rights action. In his Declaration in Support of Motion for Preliminary Injunction (Doc. #16) (hereinafter Declaration), Plaintiff claims that these actions have interfered with his criminal case as well as his civil rights case. As relief, Plaintiff seeks an injunction enjoining the Defendants, and those in concert with them, from "continuing the campaign of harassment against the Plaintiff." Motion at 1.

The Court notes that Plaintiff is currently confined at CCI. The Defendants in the Amended Complaint (Doc. #8) are employees of

Columbia Correctional Institution, not CCI. At the outset, the Court notes that the Defendant is no longer housed at the institution where the officers he seeks to enjoin work. The Amended Complaint concerns a claim of excessive use of force by Sgt. Morgan and an unnamed officer at Columbia Correctional Institution, and Sgt. Morgan's alleged failure to protect Plaintiff from the excessive use of force by the unnamed officer. At first blush, it would seem inappropriate for the Court to grant the extraordinary relief of a preliminary injunction, when the offense complained of cannot be repeated due to the current location of the Plaintiff.

To the extent that Plaintiff is seeking a preliminary injunction, it is clear that he is not entitled to such relief. As an initial matter, it is clear that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Additionally, Plaintiff did not submit a proposed form of temporary restraining order and/or preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P., and the Local Rules.

Plaintiff's request for injunctive relief is due to be denied for the above-mentioned reasons. However, even assuming arguendo that Plaintiff properly filed his request for injunctive relief,

this Court is of the opinion that injunctive relief is not warranted at this time.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam), cert. denied, 2010 WL 1525932 (U.S. Apr. 19, 2010) (No. 09-861). The movant must clearly establish the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Plaintiff requests the Court enjoin the Defendants; however, the alleged actions were committed by individuals who are not named Defendants in this case. Thus, it does not appear that enjoining the Defendants would prevent any irreparable injury to Plaintiff. Plaintiff's general fear of harassment is both a remote possibility and certainly speculative. Plaintiff has failed to meet his burden of establishing that there is a substantial likelihood of success on the merits, that injunctive relief is necessary to prevent irreparable injury, that the threatened injury outweighs the harm that the requested injunctive relief would cause to the Defendants,

and that the injunction would not be adverse to the public interest.

Furthermore, Plaintiff is not entitled to the relief he requests because he is attempting to seek injunctive relief in matters lying outside of the issues and parties of this suit. See Kaimowita v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir.) (per curiam) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."), amended on reh'g, 131 F.3d 950 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998).[1]

Plaintiff has not demonstrated that he will suffer an irreparable injury absent an injunction. The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)). Here, Plaintiff's claim of irreparable injury is speculative at best. In sum, Plaintiff has failed to meet his burden.

Accordingly, for all of the above-stated reasons, Plaintiff's request for injunctive relief will be denied. However, in an

---

[1] Separate actions may be initiated in the appropriate United States District Court concerning events that happened at other institutions or involved matters outside the Amended Complaint.

abundance of caution, the Court will direct the Clerk to send a copy of the Motion (Doc. #15), the Declaration (Doc. #16) and this Order to the Warden of CCI for whatever action he deems appropriate in light of Plaintiff's claim that he fears further acts of harassment.

It is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's May 12, 2010, Motion for Preliminary Injunction (Doc. #15) is **DENIED**.

2. **The Clerk shall immediately send,** a copy of the Motion (Doc. #15), the Declaration (Doc. #16) and this Order to the Warden of Charlotte Correctional Institution for whatever action he deems appropriate in light of Plaintiff's claim that he fears further harassment.

3. Plaintiff's May 12, 2010, Motion to Compel (Doc. #17) is **DENIED**. Plaintiff may seek discovery from the parties in accordance with the Federal Rules of Civil Procedure.

4. Plaintiff's May 12, 2010, Motion for Appointment of Counsel (Doc. #18) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of May, 2010.

UNITED STATES DISTRICT JUDGE

sa 5/12
c:
Michael Steven Bryant
Warden, Charlotte C.I.